IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACCESS CARE MSO, LLC | ) |
| | ) |
| | ) |
| | ) |
| | ) Case No.: 1:18-cv-7273 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OBERHEIDEN LAW GROUP PLLC | ) |
| NICK OBERHEIDEN | ) |
| | ) |
| | ) |
| Defendants. | ) |

## JOINT INITIAL STATUS REPORT

1. **The Nature of the Case:**

    A. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

**For Plaintiff:**

David J. Fish (Lead)
Kimberly Hilton
John Kunze
The Fish Law Firm, P.C.
200 E. 5th Ave., Suite 123
Naperville, Illinois 60563

Dan Konicek
Konicek & Dillon
21 West State Street
Geneva, IL 60134

**For Defendants:**

Kimberly E. Blair
Joseph J. Stafford
Wilson Elser, LLP
55 W. Monroe, Suite 3800
Chicago, IL 60603

B. **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

Plaintiff originally filed its claims in state court; Defendants removed the case to this Court. Plaintiff has alleged a statutory claim under The Illinois Attorney Act, 705 ILCS 205/1 and common law claims for Breach of Contract, Tortious Interference with Contract, and Fraud.

From Plaintiff's perspective, the factual basis for its claims are that it retained the Defendants (a Texas-based law firm and its owner) to assure it, and other entities that Access Care managed, was in compliance with regulatory laws in the healthcare industry. The Defendants failed to do what was contractually promised (despite keeping over $160,000 in billed attorney fees) and then demanded a $1 million ransom to prevent a public-disclosure of information that is not only false, but only could have been obtained as part of the attorney-client relationship.

Plaintiff further allege Defendants lied to Access Care to gain Access Care's trust and generate business. Despite extensively touting its claimed Illinois expertise and legal practice (*i.e.,* claiming among several others things that Oberheiden is an "Illinois healthcare" attorney and he is part of a "Team in Chicago" available to be consulted), the Defendants in fact appear to have never handled a single case in Illinois, are not licensed here, and have engaged in false and deceptive advertising in Illinois to defraud Illinois clients.

Defendants deny all of the allegations of the complaint. Defendants further assert that Access Care breached the terms of the Engagement Agreement with Oberheiden and shared proprietary documents and information prepared by Oberheiden with third-parties in direct violation of its agreements under the Engagement Agreement. Oberheiden further asserts that Third-Party Plaintiffs have failed to pay all sums due and owing under the Engagement Agreement, despite Oberheiden full and completely fulfilling its obligations under the Engagement Agreement.

C. **Briefly identify the major legal and factual issues in the case.**

(a) The scope of the attorney-client relationship.

(b) The Defendants' work that was performed in the nature of the attorney-client relationship.

(c) The contractual agreement(s) between the parties.

D. **State the relief sought by any of the parties.**

Plaintiff is seeking monetary damages under its claims and has not yet quantified the full extent of its damages. It seems compensatory damages for the money it paid the Defendants and the cost to obtain a new compliance plan. It also seeks punitive damages for its tort-based claims. As for its claim under the Attorneys Act, it seeks an injunction enjoining the Defendants from: (a) Disclosing any information that was learned during the scope of representations of Access Care or its clients and (b) enjoining the Defendants from the practice of law in Illinois unless and until they obtain authorization from the Supreme Court of Illinois to practice law. Access Care further requests a civil penalty not to exceed $5,000, which shall be paid to the Illinois Equal Justice Foundation and all other damages available to it under the law.

Defendant Oberheiden contemplates filing counterclaims against Plaintiffs in connection with Plaintiffs' unauthorized distribution of Oberheiden's confidential and proprietary work product in breach of the Engagement Agreement and for all fees due and owing under the Engagement Agreement.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

   A. **Identify all federal statutes on which federal question jurisdiction is based.**

Not Applicable

   B. **If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

   (1) **State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

Defendant asserted in its removal petition that "there is complete diversity between the parties to the case. Moreover, Access Care MSO, LLC, declares that it paid $160,000 for a compliance program that it never received and also references a one-million dollar demand letter. Therefore, it is clear from the face of the complaint that the amount in controversy in this matter is over $75,000, thereby granting this court jurisdiction over the dispute." Plaintiff does not dispute that there is in excess of $75,000 at issue in this case.

Defendants further assert that pursuant to the executed Engagement Agreement between the parties subject matter and personal jurisdiction are only proper in the state or federal cours of Dallas, Texas. Defendants have filed a Motion to Transfer Venue asserting the same.

  (2) **Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

  Plaintiff is a single Manager LLC and that Manager is an Illinois citizen.

  Oberheiden Law Group PLLC is a Professional Limited Liability Company organized and existing under the laws of Texas. Nick Oberheiden is a citizen of the State of Texas.

3. **Status of Service:** All parties have appeared.

4. **Consent to Proceed Before a United States Magistrate Judge:** The parties do not unanimously consent to proceed before the magistrate.

5. **Motions:**

   A. **Briefly describe any pending motions.** There is a pending motion to transfer the case to Texas pursuant to the executed Engagement Agreement between the parties.

   B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

   Defendants will be filing an Answer.

   **NOTE 3:** If the latter, counsel should be prepared to discuss at the Initial Status Hearing the basis of the anticipated motion.

6. **Case Plan:**

   A. **For Cases in the Mandatory Initial Discovery Pilot ("MIDP"): Provide a description of the parties' discussion of the mandatory discovery responses required by the MIDP. The report should describe the resolution of any limitations invoked by any party in its response, as well as any unresolved limitations or other discovery issues. The parties shall attach the initial and supplemental responses involved in any unresolved limitations or discovery issues. During the Rule 26(f) conference, the parties should discuss the mandatory initial discovery responses and seek to resolve any limitations they have made or intend to make.**

The parties have engaged in settlement discussions. As such, they have not yet exchanged disclosures. They would like to exchange initial disclosures by January 15, 2019.

B. **Submit a proposal for a discovery plan, including the following information:**

(1) The parties anticipate engaging in written discovery and depositions, including of third parties.

(2) First date by which to issue written discovery: January 15, 2019

(3) A fact discovery completion date: September 15, 2019

(4) An expert discovery completion date, including dates for the delivery of expert reports: October 15, 2019

(5) A date for the filing of dispositive motions: December 15, 2019

C. **With respect to trial, indicate the following:**

(1) Whether a jury trial is requested: Yes

(2) The probable length of trial. 7 Days

7. **Status of Settlement Discussions:**

A. **Indicate whether any settlement discussions have occurred:** Yes

B. **Describe the status of any settlement discussions**: The parties have had extensive settlement discussions.

C. **Whether the parties request a settlement conference:** No

| | |
|---|---|
| January 8, 2019 | Respectfully Submitted, |

| **For Plaintiff** | **For Defendant** |
|---|---|
| /s/David J. Fish | /s/Kimberly E. Blair  (by permission) |
| David J. Fish<br>Kimberly Hilton<br>John Kunze<br>THE FISH LAW FIRM P.C.<br>200 E 5th Ave., Suite 123<br>Naperville, IL 60563<br>Tel.  (630) 355-7590<br>Fax  (630) 778-0400 | Kimberly E. Blair<br>Joseph J. Stafford<br>Wilson Elser, LLP<br>55 W. Monroe, Suite 3800<br>Chicago, IL 60603 |
| Dan Konicek<br>Konicek & Dillon<br>21 West State Street<br>Geneva, IL 60134 | |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Joint Initial Status Report was served via ECM/CF filing system on January 8, 2019 to all counsel of record.

By:   /s/ David J. Fish_____
One of Plaintiff's Attorneys

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM, P.C.
200 E 5th Ave Suite 123
Naperville, Illinois 60563
T: (630) 355-7590
F: (630) 778-0400