IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACCESS CARE MSO, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-7273 |
| OBERHEIDEN LAW GROUP PLLC and NICK OBERHEIDEN | ) ) ) ) |
| Defendants. | ) ) |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants OBERHEIDEN LAW GROUP PLLC ("Oberheiden Law") and NICK OBERHEIDEN ("Oberheiden") (collectively the "Oberheiden Defendants"), by and through their attorneys, Wilson Elser LLP, and for their Brief in Support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby state as follows:

### INTRODUCTION

Access Care MSO, LLC ("Plaintiff") filed the instant lawsuit against the Oberheiden Defendants. The essence of the Complaint is that Plaintiff hired the Oberheiden Defendants to perform legal services related to providing corporate and regulatory advice on healthcare projects and to establish a corporate compliance program, and the Oberheiden Defendants failed to adequately provide those services, tortiously interfered with a contract between Plaintiff and its largest client in Texas, and violated the Illinois Attorney Act by advertising its ability to provide legal services in Illinois when it was not licensed to do so. Plaintiff's retention of the Oberheiden Defendants was pursuant to an engagement agreement governed by Texas Law.

Ultimately, Plaintiff's Complaint appears to be an attempt to rely on inappropriate, mischaracterized, and inflammatory allegations to impugn the integrity and tarnish the reputation

of the Oberheiden Defendants because they were purportedly unhappy with the legal work provided under the parties' engagement agreement. Despite the untrue and inflammatory allegations, the Complaint fails to state a plausible claim for relief.

To wit, Plaintiff's allegations as to violation of the Illinois Attorney Act and common law fraud rely exclusively on the Oberheiden Defendants' advertising materials relative to their ability to provide Illinois criminal defense and healthcare fraud defense in federal court. Aside from the failure by Plaintiff to articulate how this advertising was false, Plaintiff did not retain the Oberheiden Defendants to perform these services in Illinois, and there are no allegations that the Oberheiden Defendants did, in fact, perform these services in Illinois. As such, both claims fail.

Further, Plaintiff's breach of contract claim should be dismissed because it is, in essence, a legal malpractice claim inappropriately brought as a breach of contract claim. Pursuant to the law governing the engagement agreement (Texas), such a cause of action is improper and cannot stand. Finally, Plaintiff's claim for tortious interference with a contract fails to not only set forth an actual contract between Plaintiff and its largest client in Texas that the Oberheiden Defendants allegedly interfered with, but also fails to allege such interference induced a breach of that contract. As such, all of Plaintiff's claims fail and the Complaint should be dismissed.

## ALLEGATIONS IN COMPLAINT

On October 26, 2018, Plaintiff filed the Complaint. [*See*, Docket Entry #1-1]. On October 31, 2018, Defendant Nick Oberheiden filed a Notice of Removal Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and removed the Complaint to this Honorable Court based on diversity jurisdiction. [*See*, D.E. #1]. Plaintiff, an Illinois LLC that provides management services to a health care entities, asserts the following causes of action against the Oberheiden Defendants: (1)

violation of the Illinois Attorney Act; (2) breach of contract; (3) tortious interference with contract; and (4) common law fraud. [*See*, D.E. #1-1, ¶¶ 7-8, 37-66].

The Complaint is laden with unnecessary and superfluous allegations, however, the central premise is breach of an engagement agreement by which Plaintiff hired the Oberheiden Defendants to provide corporate and regulatory advice and training on healthcare projects, and establish a corporate compliance program for Plaintiff (referred to as "Compliance Program"). [*See*, D.E. #1-1, ¶ 27; *see also*, D.E. #1-1, at p. 19]. Notably, the majority of the medical practices Plaintiff manages are owned by a Texas-based physician who owns several medical practices (the "Texas Medical Practices"). [*See*, D.E. #1-1, ¶ 8]. The Oberheiden Defendants were allegedly retained because they could provide advice in both Illinois (where Plaintiff is located) and Texas (where the Texas Medical Practices are located). [*See*, D.E. #1-1, ¶¶ 9-10].

### 1. *Superfluous/Irrelevant Allegations*

The Complaint alleges the Oberheiden Defendants fraudulently induced Plaintiff to hire them based on "several different Internet site pages devoted specifically to attract Illinois-based clients like [Plaintiff]." [*See*, D.E. #1-1, ¶¶ 11-12]. However, all the "Internet site pages" relate to the Oberheiden Defendants' representation in connection with either: (1) Illinois health care fraud defense litigation ([*See*, D.E. #1-1, ¶¶ 13-14]); or (2) Illinois federal criminal defense ([*See*, D.E. #1-1, ¶¶ 15-17]). Notably, none of the pages referenced were designed to solicit the type of work the Oberheiden Defendants were retained to perform – advice regarding healthcare projects and establishing a corporate compliance program. [*See*, D.E. #1-1, ¶ 27; *see also*, D.E. #1-1, at p. 19].

### 2. *Plaintiff's Retention of the Oberheiden Defendants*

Setting aside the superfluous and irrelevant allegations in the Complaint, Plaintiff alleges it retained the Oberheiden Defendants to ensure it was in compliance with regulatory laws in the

3

2699744v.1

healthcare industry. [*See*, D.E. #1-1, ¶1]. Plaintiff was aware the Oberheiden Defendants were a Texas-based law firm and specifically hired the Oberheiden Defendants because of its location in Texas and its alleged ability to provide advice to Plaintiff's largest client – the Texas Medical Practices. [*See*, D.E. #1-1, ¶¶ 1, 9-10].

On February 15, 2017, Plaintiff and Defendant Oberheiden Law entered into a retainer agreement that provided a detailed Statement of Work the Oberheiden Defendants would perform for Plaintiff ("Engagement Agreement"). [*See*, D.E. #1-1, ¶27].[1] Pursuant to the Engagement Agreement, the Oberheiden Defendants would perform the following work for Plaintiff: (1) corporate and regulatory advice regarding Plaintiff's healthcare projects and investments; (2) compliance review and training; and (3) establishment of a corporate compliance program. [*See*, D.E. #1-1 at p. 19]. Notably, the Engagement Agreement did not include any retention of, or legal representation by, the Oberheiden Defendants on behalf of Plaintiff related to health care fraud defense or federal criminal defense in Illinois. [*See*, D.E. #1-1 at pp. 19-22].

Further, the Engagement Agreement provided a "Statement of Work", which outlined the implementation of the Compliance Program. [*See*, D.E. #1-1 at p. 22]. This Statement of Work indicated that an employee of Oberheiden Law would agree to be "on-site" at Plaintiff's facilities for at least fifteen (15) days. [*See*, D.E. #1-1 at p. 22]. The Engagement Agreement also expressly provided "[t]his Agreement shall in all respects be governed by the laws of the State of Texas." [*See*, D.E. #1-1 at p. 21].

Ultimately, Plaintiff's Complaint asserts that while the Oberheiden Defendants provided some legal services, including beginning working on the Compliance Program, the Oberheiden

---

[1] Please note that the allegation in ¶27 of the Complaint incorrectly asserts the Engagement Agreement was executed on February 15, 2018. [*See*, D.E. #1-1, ¶27]. The Engagement Agreement attached to the Complaint illustrates it was actually executed on February 15, 2017. [*See*, D.E. #1-1 at p. 19].

4

2699744v.1

Defendants never completed their work. [*See*, D.E. #1-1, ¶¶ 29, 32]. As a result, Plaintiff alleges that it ceased paying Oberheiden Law a monthly retainer fee, and now sues for damages related to the Oberheiden Defendants' legal representation of Plaintiff. [*See*, D.E. #1-1, ¶34].

### 3. *Oberheiden Law's Alleged Work with Texas Medical Practices*

In addition to the superfluous allegations as to Oberheiden Law's advertising materials, the Complaint further asserts irrelevant allegations as to the Texas Medical Practices. To wit, Plaintiff alleges Oberheiden Law formed an attorney-client relationship with Plaintiff's main client, the Texas Medical Practices, by providing them with training, advice, and materials concerning employment law. [*See*, D.E. #1-1, ¶33]. Subsequently, on September 27, 2018, Plaintiff asserts that Oberheiden Law sent the Texas Medical Practices a letter demanding payment by the Texas Medical Practices for the use of corporate compliance documents prepared by Oberheiden Law. [*See*, D.E. #1-1, ¶35]. Plaintiff alleges this demand was essentially blackmail of the Texas Medical Practices. [*See*, D.E. #1-1, ¶36]. However, Plaintiff's Complaint is silent as to how such demand impacted the Oberheiden Defendants' representation of Plaintiff pursuant to the Engagement Agreement or any impact this had on the relationship between Plaintiff and the Texas Medical Practices, if any. [*See generally*, D.E. #1-1].

Ultimately, based on the foregoing, Plaintiff's Complaint asserts: (1) violation of the Illinois Attorney Act; (2) breach of contract; (3) tortious interference with contract; and (4) common law fraud. [*See*, D.E. #1-1, ¶¶ 7-8, 37-66].

## ARGUMENT

Based on the allegations of the Complaint and the causes of action against the Oberheiden Defendants, the Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

5

### A. *STANDARD OF REVIEW*

A motion under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim upon which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Under the federal notice pleading standards, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Furthermore, Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957). For the reasons set forth below, the Complaint should be dismissed.

### B. *PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF ILLINOIS ATTORNEY ACT.*

Count I of Plaintiff's Complaint asserts a violation of the Illinois Attorney Act (705 ILCS 205/1) (hereinafter referred to as the "Attorney Act") against the Oberheiden Defendants. [*See*, D.E. #1-1, ¶¶ 37-50]. Plaintiff's claim should be dismissed because it is simply a thinly-veiled

attempt to allege "false advertising" by the Oberheiden Defendants related to services the Plaintiff did not even retain the Oberheiden Defendants to perform.

The Attorney Act states that "[n]o person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State" and, furthermore, that "[n]o person shall receive any compensation directly or indirectly for any legal services other than a regularly licensed attorney[.]" 705 ILCS 205/1. Further, "no private right of action for damages exists under the Attorney Act for the unauthorized practice of law," and the Illinois Supreme Court has held that aggrieved parties may sue for injunctive relief. *King v. First Cap. Fin. Servs. Corp.*, 215 Ill.2d 1, 24, 828 N.E.2d 1155, 1168 (2005).

Here, the entire premise of the alleged violation of the Attorney Act is based on the Oberheiden Defendants' advertising materials indicating their ability to practice law in Illinois in the areas of: (1) Illinois federal criminal defense; and (2) Illinois health care fraud defense. [*See*, D.E. #1-1, ¶41]. Notably, Plaintiff did not retain the Oberheiden Defendants to perform any of these services. The entire scope of the Oberheiden Defendants' representation of Plaintiff was limited to the Engagement Agreement, and that agreement does not provide for any legal representation or advice in connection with federal criminal defense or Illinois health care fraud defense. [*See*, D.E. #1-1 at p. 21]. Plaintiff is a sophisticated company that sought out the Oberheiden Defendants and contracted for very specific services – none of which involved federal criminal defense or Illinois health care fraud defense.

Further, Plaintiff fails to allege why it is necessary for an attorney to be licensed in the State of Illinois in order to be available to appear and defend cases in Illinois Federal Court. [*See generally*, D.E. #1-1]. Indeed, the Northern District of Illinois L.R. 83.12 does not require

7

membership to the Illinois bar, and membership in the general bar of the Northern District of Illinois is only necessary if an attorney enters an appearance, files pleadings, motions or other documents, signs stipulations, or receives payment upon judgments, decrees or orders. *See*, L.R. 83.12; *see also*, *Berthold Types Ltd. v. Adobe Systems, Inc.*, 186 F. Supp. 2d 834, 838 (N.D. Ill. 2002). The Complaint fails to address *pro hac vice* admissions secured by Oberheiden in this jurisdiction. The Complaint fails to allege the Oberheiden Defendants engaged in any of the foregoing conduct requiring Illinois bar membership, or even membership in the general bar of the Northern District of Illinois.

In addition, Plaintiff actually expressly alleges that Oberheiden ***was licensed*** to practice in the Northern District of Illinois. [*See*, D.E. #1-1, ¶23]. While the Complaint asserts such license was not valid until December 6, 2017 – or ten (10) months after the execution of the Engagement Agreement – Plaintiff, again, did not retain the Oberheiden Defendants to engage in any work related to Illinois federal criminal defense or Illinois health care fraud defense.

Indeed, the only actions the Complaint asserts the Oberheiden Defendants completed in Illinois in connection with their representation of Plaintiff were: (1) one employee of Oberheiden Law spent ***one day*** at Plaintiff's facility in Illinois in connection with the implementation of the Compliance Program; and (2) Oberheiden himself visited Illinois on ***one occasion***. [*See*, D.E. #1-1, ¶24]. The only other work the Oberheiden Defendants are alleged to have completed was for Plaintiff in connection with the Texas Medical Practices – in Texas. [*See*, D.E. #1-1, ¶33]. These allegations are insufficient to sustain the non-private cause of action for violation of the Attorney Act.

Ultimately, Plaintiff has failed to set forth any allegations as to any alleged unlicensed practice of law by the Oberheiden Defendants in the State of Illinois. As such, Count I of the Complaint should be dismissed.

### C. *PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT.*

Count II of Plaintiff's Complaint asserts breach of contract against Oberheiden Law arising out of the legal services Oberheiden Law provided to Plaintiff. [*See*, D.E. #1-1, ¶¶ 51-55]. Plaintiff's claim should be dismissed because it is a legal malpractice claim, improperly brought as a breach of contract cause of action.

As a preliminary matter, it is important to note that the Engagement Agreement specifically provided that it "…shall in all respects be governed by the laws of the State of Texas." [*See*, D.E. #1-1 at p. 21]. Accordingly, Texas law applies to any action arising out of the Engagement Agreement – i.e., Count II of the Complaint. Under Texas law, a cause of action arising out of legal advice or improper representation is legal malpractice. *Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex. App.-Houston [1st Dist.] 1998, pet. denied). Indeed, when the crux of a plaintiff's claim is that a law firm did not provide adequate legal representation, the claim is in reality a legal malpractice claim, and not a proper breach of contract cause of action. *Id.*

Here, Plaintiff asserts that it hired Oberheiden Law to provide legal services in the form of corporate and regulatory advice, compliance review and training, and establishment of a corporate compliance program. [*See*, D.E. #1-1 at p. 19]. The Complaint alleges Oberheiden Law failed to adequately perform these services, requiring Plaintiff to "hire a new law firm to obtain these services." [*See*, D.E. #1-1, ¶¶ 52-55]. As such, Plaintiff's claim is in reality a legal malpractice claim, not a breach of contract claim, and should be dismissed. *See, Rangel v. Lapin*, 177 S.W.3d

9

17, 24 (Tex. App.-Houston [14th Dist.] 2005, pet. denied) (noting that Texas courts do not allow plaintiffs to convert what are really negligence claims into claims for breach of contract).

### D. *PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT.*

Count III of Plaintiff's Complaint asserts tortious interference with contract by the Oberheiden Defendants. [*See*, D.E. #1-1, ¶¶ 56-61]. As support for this cause of action, Plaintiff asserts the Oberheiden Defendants "knew of [Plaintiff's] relationship and agreement with the Texas Medical Practices" and "intentionally and unjustifiably interfered with [Plaintiff's] relationships with the Texas Medical Practices by demanding a payment of $1 million or threatening to falsely disclose confidential information…" [*See*, D.E. #1-1, ¶¶ 58-59].[2]

Under Illinois law, the essential elements of a cause of action for tortious interference with contract are: (1) a valid contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional and malicious inducement of a breach of the contract; (4) an actual breach of the contract caused by defendant's wrongful conduct; and (5) resultant damages to the plaintiff. *Swager v. Couri*, 60 Ill. App. 3d 192, 196 (3d Dist. 1978), *aff'd* 77 Ill.2d 173 (1979). While the Oberheiden Defendants dispute the allegations, and any wrongful conduct, Plaintiff has failed to sufficiently plead the elements to support this cause of action.

First, the Complaint fails to allege a valid contract between Plaintiff and the Texas Medical Practices. Notably, the Complaint solely asserts that Plaintiff and the Texas Medical Practices had a "relationship and agreement", without providing any further context as to an actual contract

---

[2] Interestingly, it should be noted that Illinois courts have repeatedly stated "that where the conduct of a defendant in an interference with contract action was privileged, it is the plaintiff's burden to plead and prove that the defendant's conduct was unjustified or malicious." *Webb v. Frawley*, 906 F.3d 569, 578 (7th Cir. 2018), *citing*, *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 156, 545 N.E.2d 672, 677 (1989). Here, Plaintiff's Complaint alleges the Oberheiden Defendants formed an attorney-client relationship with the Texas Medical Practices. [*See*, D.E. #1-1, ¶33]. While the Oberheiden Defendants dispute that allegation, if an attorney-client relationship was formed, then the Oberheiden Defendants' actions in sending a demand letter were privileged by the attorney-client privilege, and Plaintiff would have the burden to plead and prove the letter was unjustified or malicious. Plaintiff's conclusory allegations are insufficient to overcome this burden.

10

between the parties. [*See*, D.E. #1-1, ¶¶ 56-61]; *Founding Church of Scientology of Washington, D.C. v. American Medical Association*, 60 Ill. App. 3d 586, 589, 377 N.E.2d 158, 161 (1st Dist. 1978). In the absence of a valid contract, Plaintiff cannot sustain a cause of action for tortious interference with a contract.

Further, even if the Complaint alleged a valid contract (which the Oberheiden Defendants do not concede), the Complaint fails to allege an actual breach of a contract caused by the Oberheiden Defendants' alleged wrongful conduct – let alone that the Oberheiden Defendants induced Plaintiff to breach the contract. If no breach is alleged, a cause of action for interference with a contract cannot be sustained. *George A. Fuller Co., a Div. of Northrop Corp. v. Chicago College of Osteopathic Medicine*, 719 F.2d 1326, 1330-31 (7th Cir. 1983). Plaintiff's Complaint merely alleged that the Oberheiden Defendants have "intentionally and unjustifiably interfered" with Plaintiff's business relationship with the Texas Medical Practices, resulting in damages. [*See*, D.E. #1-1, ¶¶ 60-61]. Even if accepted as true for the purposes of the instant motion, Plaintiff does not allege there was an actual breach of any valid contract, let alone inducement of that breach.

Indeed, both the Illinois Supreme Court and the Illinois Appellate Court have consistently required more than conduct rendering performance of the contract more burdensome. *See, Herman v. Prudence Mutual Cas. Co.*, 41 Ill.2d 486, 244 N.E.2d 809, 814 (1969) (holding that in the absence of factual allegations that the contracts were breached or terminated with resulting damages to plaintiffs, the complaint fails to state a cause of action for damages in connection with interference with a contract); *see also, Loewenthal Securities Co. v. White Paving Co.*, 351 Ill. 285, 184 N.E. 310, 315 (1932) (noting that to "support a cause of action it is necessary to establish that an outsider has 'maliciously' and 'without lawful cause or justification' induced a breach of contract or an interference with or termination of a recognized contractual relation").

Plainly stated, when there is no alleged subsequent breach of the contract, a necessary element of the tort is lacking. *National Educational Advertising Services, Inc. v. Cass Student Advertising, Inc.*, 454 F. Supp. 71, 73 (N.D. Ill. 1977). Finally, the Complaint fails to set forth any factual allegations as to the damages purportedly suffered by Plaintiff in connection with the Oberheiden Defendants' alleged interference with Plaintiff's "relationship" with the Texas Medical Practices. As such, Count III of Plaintiff's Complaint fails to state a claim upon which relief may be granted, and should be dismissed.

### E. *PLAINTIFF FAILS TO STATE A CLAIM FOR COMMON LAW FRAUD.*

Count IV of Plaintiff's Complaint asserts common law fraud against the Oberheiden Defendants. [*See*, D.E. #1-1, ¶¶ 61-66]. Plaintiff's claim should be dismissed not only because Plaintiff has failed to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b), but also because it represents an inappropriate attempt for Plaintiff to circumvent the lack of availability of a private cause of action under the Illinois Attorney Act.

First, the elements of common law fraud in Illinois are: (1) a statement by defendant; (2) of a material nature as opposed to opinion; (3) that was untrue; (4) that was known or believed by the speaker to be untrue or made in culpable ignorance of its truth or falsity; (5) that was relied on by the plaintiff to his detriment; (6) made for the purpose of inducing reliance; and (7) such reliance led to the plaintiff's injury. *Duran v. Leslie Oldsmobile*, 229 Ill. App. 3d 1032, 594 N.E.2d 1355, 1360 (2d Dist. 1992). Importantly, "such reliance must be reasonable." *Id.* Further, in alleging fraud, "a party must state with particularity the circumstances constituting fraud..." Fed. R. Civ. P. 9(b); *see also, DiLeo v. Ernst & Young*, 901 F.2d 624, 626 (7th Cir. 1990) (holding that a plaintiff must plead the circumstances constituting fraud in detail, including the "who, what, when, where, and how...").

12

Here, Plaintiff alleges the fraudulent statements made by the Oberheiden Defendants related solely to their ability to practice law in Illinois in the areas of federal criminal defense and healthcare fraud defense in federal court. [*See*, D.E. #1-1, ¶63]. Notably, these statements provide that "Oberheiden Law has an 'Illinois Federal Criminal Defense Team' ***available to represent clients*** in Illinois" and that "Oberheiden is a 'Chicago Federal Criminal Defense Attorney.'" [*See*, D.E. #1-1, ¶63] (emphasis added).

As a preliminary matter, Plaintiff has failed to allege how these statements were false. In fact, the Complaint expressly alleges Oberheiden did not file an appearance in Illinois Federal Court, which would invoke L.R. 83.12 and require membership in the general bar. [*See*, D.E. #1-1, ¶19]. Further, the Complaint expressly admits that as of at least December 6, 2017, Oberheiden was licensed to practice in the Northern District of Illinois. [*See*, D.E. #1-1, ¶23]. Therefore, it is unclear how statements made by the Oberheiden Defendants were untrue – especially given the fact Plaintiff's Complaint does not provide any timeframe on when the alleged website screenshots were taken. [*See*, D.E. #1-1, ¶¶ 12-17].

Moreover, even if these statements were false (which the Oberheiden Defendants do not concede), Plaintiff has failed to properly allege reasonable reliance on such statements because the scope of services Plaintiff retained the Oberheiden Defendants to perform had nothing to do with Illinois federal criminal defense or healthcare fraud defense. [*See*, D.E. #1-1 at p. 19]. While the Oberheiden Defendants have belabored this point, it remains paramount in this action, as Plaintiff seeks to hold the Oberheiden Defendants liable for their solicitation of various services, even if the Plaintiff never actually retained the Oberheiden Defendants to perform those services. Such allegations, even if true, do not constitute reasonable reliance on the alleged false statements. As such, Count IV of Plaintiff's Complaint should be dismissed.

13

Finally, Count IV represents an inappropriate attempt for Plaintiff to circumvent the lack of availability of a private cause of action under the Illinois Attorney Act. The premise for Plaintiff's common law fraud cause of action is the same as its cause of action for violation of the Illinois Attorney Act – namely, the Oberheiden Defendants' alleged improper solicitation of federal criminal defense and healthcare fraud defense in Illinois.

As noted above, "no private right of action for damages exists under the Attorney Act for the unauthorized practice of law." *King*, 215 Ill.2d at 24, 828 N.E.2d at 1168. Since a private cause of action for damages is precluded under the Illinois Attorney Act, Plaintiff attempts an improper "work-around" that statute in its cause of action for common law fraud. Aside from Plaintiff's failure to properly plead the elements for common law fraud, this tactic should not be rewarded and Plaintiff's Complaint should be dismissed.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendants OBERHEIDEN LAW GROUP PLLC and NICK OBERHEIDEN respectfully move this Court to issue an ORDER dismissing each Count of Access Care MSO, LLC's Complaint against the Oberheiden Defendants with prejudice and for any and all further relief this Court finds just and equitable.

Dated: May 3, 2019

Respectfully submitted,

OBERHEIDEN LAW GROUP PLLC and NICK OBERHEIDEN.

_/s/ Kimberly E. Blair_
Attorneys for Defendants

Kimberly E. Blair, Esq., ARDC# 6272934
Joseph J. Stafford, Esq., ARDC# 6307076
Wilson Elser Moskowitz Edelman & Dicker, LLP
55 W. Monroe Street, Suite 3800

14

2699744v.1

Chicago, IL 60603
(312) 704-0550 (Tel)
(312) 704-1522 (Fax)
Kimberly.Blair@wilsonelser.com
Joseph.Stafford@wilsonelser.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 3, 2019, I electronically filed the aforesaid document(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system and/or U.S. Mail. Parties may access this filing through the Court's system.

David J. Fish
The Fish Law Firm, P.C.
200 E. Fifth Avenue, Suite 123
Naperville, IL 60563
dfish@fishlawfirm.com
kunze@fishlawfirm.com
khilton@fishlawfirm.com

                                                  /s/ Kimberly E. Blair

Kimberly E. Blair
Joseph J. Stafford
Wilson Elser, LLP
55 West Monroe, Suite 3800
Chicago, IL 60601
Tel: 312.821.6139
Fax: 312-704-1522

2699744v.1